UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RICHARD MCLAUGHLIN,                 )
                                    )
        Petitioner,                 )
                                    )
            v.                      )   Civil Action No. 11-11587-JLT
                                    )
JOSEPH D. MACDONALD, JR.,           )
                                    )
        Respondent.                 )
_____)

**REPORT AND RECOMMENDATION**
[Docket Nos. 8, 13, 16, 17, 18, 19, 21]

August 22, 2012

BOAL, M.J.

On September 7, 2011, Richard McLaughlin ("McLaughlin") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) (the "Petition"). Docket No. 1. He has also filed several motions for injunctive relief. Docket Nos. 13, 16, 17-19, 21. Respondent Joseph D. McDonald, Jr. ("Respondent") filed a motion to dismiss McLaughlin's Petition because it contains claims that have not been exhausted in state court and/or are not cognizable for habeas relief. Docket No. 8. For the reasons set forth below, I recommend that the District Judge ALLOW the motion to dismiss unless McLaughlin, within twenty days, deletes all of the claims in his Petition except for the claim regarding the admission of medical records in violation of his Confrontation Clause rights contained in Ground Four of the Petition. I also recommend that the

District Judge DENY McLaughlin's motions for injunctive relief.  See Docket Nos. 13, 16, 17-19, 21.

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A. Conviction And Appeals In State Court

On January 15, 2009, McLaughlin was convicted by a Hingham District Court jury of operating under the influence of alcohol ("OUI") and negligent operation of a motor vehicle. Supplemental Answer ("SA") 1, 5.  Following a subsequent jury-waived trial, Judge Thomas S. Barrett found that McLaughlin's OUI conviction was his third offense.  SA 5.  Judge Barrett sentenced petitioner to two and a half years in the House of Correction on the OUI third offense conviction.  SA 1.  On the negligent operation conviction, Judge Barrett sentenced McLaughlin to a consecutive sentence of two years in the House of Correction, six months to be served with the balance suspended until January 10, 2014.  SA 1.  Judge Barret also set conditions of probation.  SA 1.

On January 29, 2009, McLaughlin filed a Notice of Appeal.  SA 5.  He also filed a motion to revise and revoke his sentence.  SA 5.  McLaughlin requested that the motion to revise and revoke not be marked for a hearing until he requested a hearing.  SA 5.  On appeal, McLaughlin raised three grounds: (1) the judge committed reversible error in allowing prejudicial irrelevant hearsay testimony over McLaughlin's objection; (2) McLaughlin was denied effective assistance of counsel where trial counsel failed to object to the admission of his medical records; and (3) the admission of a certified copy of McLaughlin's hospital records violated his confrontation rights.  SA 49-122.  The Massachusetts Appeals Court affirmed McLaughlin's convictions on June 13, 2011.  Commonwealth v. McLaughlin, 79 Mass. App. Ct.

670 (2011). SA 190-200.

On March 16, 2009, McLaughlin, pro se, filed a second motion to revise and revoke his sentence. SA 5. McLaughlin requested the "court to reserve [his] rights to a revoke and revise hearing when [he was] ready to act upon the application to use it." SA 5.

On June 20, 2011, McLaughlin filed a pro se motion to modify his sentences to retro-concurrent. SA 7-10. The court denied this motion without a hearing on July 15, 2011. SA 7.

On June 29, 2011, through counsel, McLaughlin filed an application for further appellate review with the Massachusetts Supreme Judicial Court ("SJC"). SA 202-225. The application for further appellate review raised the same issues the Massachusetts Appeals Court had considered in June 2011. SA 205-207. The SJC denied the application on July 28, 2011. Commonwealth v. McLaughlin, 460 Mass. 1110 (2011) (table). SA 226.

On July 12, 2011, McLaughlin filed in the Hingham District Court pro se motions for resentencing, to stay his sentence and for a hearing on those matters. SA 7, 11-28. The Hingham District Court denied those motions without a hearing on July 15, 2011. SA 7.

On July 20, 2011, McLaughlin filed a pro se motion for a preliminary injunction to lift his negligent operation sentence and to challenge his incarceration pursuant to 42 U.S.C. § 1983. SA 29-35. That motion also contains claims that he was denied adequate medical care and claims of mail tampering by correctional employees.

On August 15, 2011, McLaughlin filed a pro se motion for writ of habeas corpus, and a supplement to his motion to revise and revoke in Hingham District Court. SA 7, 34-46. The court denied this motion on November 9, 2011. SA 7.

McLaughlin was released on parole on October 4, 2011.[1]  Docket No. 9 at 3.

B.     McLaughlin's First Petition For A Writ Of Habeas Corpus

On April 28, 2011, McLaughlin filed his first petition for a writ of habeas corpus. McLaughlin v. Gillen, No. 11-cv-10746-NMG (D. Mass.) (Gorton, J.).  McLaughlin asserted four grounds in his petition: (1) libel and slander by prison personnel after becoming eligible for release from incarceration; (2) the U.S. Attorney's Office informed him to file an action in U.S. District Court concerning mail tampering and stamp theft by prison personnel; (3) failure to be released from incarceration with a G.P.S. bracelet; and (4) incarceration for twenty-seven months without due process.  SA 229-42.

On July 8, 2011, the District Court denied McLaughlin's petition and dismissed his action.  McLaughlin v. Gillen, No. 11-cv-10746-NMG, 2011 WL 2746459 (D. Mass. July 8, 2011) (Gorton, J.).  SA 243-246.  The District Court concluded that McLaughlin had not alleged any basis for the issuance of a writ of habeas corpus, that McLaughlin had not exhausted his state court remedies, and that his claims were not cognizable on federal habeas review.  Id. at *2.

C.     The Instant Petition

On September 7, 2011, McLaughlin filed the instant Petition.  Docket No. 1.  The

---

[1] Section 2254(a) directs a district judge to entertain section 2254 petitions only for persons "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  The "in custody" determination is made at the time the section 2254 petition is filed.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  In addition, parole constitutes a sufficient restraint on a person's liberty to satisfy the "in custody" requirement of section 2254.  Omosefunmi v. Attorney General, 152 F. Supp. 2d 42, 53 (D. Mass. 2001).  Once the convict's sentence has expired, he may still be able to maintain an application for a writ of habeas corpus provided that the conviction has some "collateral consequence" for the convict.  Spencer, 523 U.S. at 7-8.  Accordingly, McLaughlin may maintain this proceeding notwithstanding the fact that he is apparently no longer incarcerated.  Respondent has not sought dismissal of the Petition on this basis.

-4-

Petition raises the following four grounds: (1) denial of medical attention and mental health medication; (2) mail tampering, removing stamps from outgoing mail, returning letters to inmates for more stamps, and opening mail; (3) equal protection, search and seizures, libel by prison personnel in classification hearing decision, due process violation, censorship, and invasion of privacy; and (4) denial of a fair trial because he was unable to confront witnesses whose reports and records were admitted into evidence. Docket No. 1.

On November 16, 2011, Respondent moved to dismiss the Petition. Docket No. 8. McLaughlin requested an extension of time until December 23, 2011 to respond to the motion to dismiss, which the Court granted. Docket No. 12; Electronic Order entered December 9, 2011. However, McLaughlin has not filed an opposition to the motion to dismiss.

On December 9, 2011, McLaughlin filed a motion for injunctive relief "to give relief to Richard McLaughlin from the sentence of Judge Barrett in Hingham District Court." Docket No. 13. Respondent filed his opposition to this motion on December 13, 2011. Docket No. 14.

On June 8, 2012, McLaughlin filed five additional motions: (1) motion for a writ of habeas corpus (Docket No. 16); (2) motion for injunctive relief to give relief from the Boston Retirement Board (Docket No. 17); (3) motion for injunctive relief to give relief from the sentence of Judge Barrett in Hingham District Court (Docket No. 18); (4) motion for injunctive relief seeking reinstatement of his driver's license (Docket No. 19); and (5) motion for a hearing date on his motions for injunctive relief (Docket No. 21). Respondent filed his opposition to the motions on June 15, 2012. Docket No. 22.

II.     DISCUSSION

Respondent argues that the Petition should be dismissed because McLaughlin has failed

to exhaust state remedies as to all but one of his claims. Docket No. 9 at 5-8. Respondent also argues that the Petition should be dismissed because habeas relief is not available for McLaughlin's civil rights and parole board claims.[2] Id. at 8-10. Finally, Respondent argues that because the Court should dismiss the Petition, McLaughlin's motion for injunctive relief should also be denied. Docket Nos. 14 and 22. This Court agrees.

A. Standard of Review

In order to demonstrate that he is entitled to habeas relief, McLaughlin must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition." Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of Section 2254 petition).

Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted." 28 U.S.C. § 2243; see also Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

B. McLaughlin Has Failed To Exhaust State Court Remedies

"In recognition of the state courts' important role in protecting constitutional rights, the

---

[2] Respondent also argues that McLaughlin has not exhausted his administrative claims necessary to purse a civil complaint. Docket No. 9 at 6-7.

exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); accord 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

A habeas petitioner bears the "heavy burden" of demonstrating the fulfillment of the exhaustion requirement. Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." Mele v. Fitchburg District Court, 850 F.2d 817, 820 (1st Cir. 1988) (citations omitted). In Massachusetts, that standard is met "by 'fairly presenting' a federal claim 'within the four corners of the [application for further appellate review to the SJC].'"[3] Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (citing Mele, 850

---

[3] "Though the SJC and the [Appeals Court] have concurrent jurisdiction in many areas, and direct review in the SJC may be sought in certain cases, the usual appellate route in virtually all criminal matters leads first to the [Appeals Court]." Mele, 850 F.2d at 820 (internal citations omitted). "Once the [Appeals Court] has resolved a case, the losing party may seek further appellate review in the SJC, but the SJC can, generally speaking, accept or decline the proffer, as it chooses." Id. While review by the SJC is usually discretionary, a petitioner must give the SJC a fair opportunity to consider the claim in order to satisfy the exhaustion requirement. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that in order to satisfy the exhaustion requirement, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate process," including any discretionary appeals that are an "established part of the State's appellate review process.").

F.2d at 823); Adelson, 131 F.3d at 263 (In analyzing exhaustion, "the decisive pleading is the application for further appellate review ..."). Claims "omitted entirely from an [application for further appellate review] cannot be exhausted." See Mele, 850 F.2d at 820-23.

To preserve his claims for federal habeas scrutiny, McLaughlin was obliged to try to bring them before the SJC. In this case, Grounds One, Two and Three were not presented to the SJC for review.[4] Ground Four contains what appears to be several different claims regarding McLaughlin's trial and conviction, but only the claim regarding the admission of medical records was presented to the SJC in his application for further appellate review. SA 206. Accordingly, only part of one claim has been exhausted.

Because McLaughlin's Petition contains both exhausted and unexhausted claims, it is a "mixed" petition and therefore subject to dismissal. Rose v. Lundy, 455 U.S. at 518-19 (holding that a mixed petition must be dismissed). However, before dismissing a mixed petition, courts should allow petitioners "to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278 (2005) (citing Rose v. Lundy, 455 U.S. at 520). Therefore, McLaughlin's Petition should be dismissed in its entirety unless he deletes all unexhausted claims.

---

[4] Indeed, the claims in Grounds One and Two were not even raised in the lower courts. With respect to Ground One, McLaughlin states that he "filed appeals and grievances at P.C.C.F.," Petition at 5, but he does not state that he has sought review of any grievance decision in Superior Court. With respect to Ground Two, McLaughlin admits that he has not exhausted his state remedies and states "I do plan to write a civil action." Petition at 7.

### C. Grounds One, Two And Three Of The Petition Are Not Cognizable For Habeas Relief

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); see also Clarke v. Spencer, 582 F.3d 135, 145 (1st Cir. 2009). Habeas relief is available only for those state prisoners which are held in violation of either the United States Constitution or federal law. Sanna v. DiPaolo, 265 F.3d 1, 6 (1st Cir. 2001).

#### 1. *Challenges To Conditions Of Confinement And Other Alleged Civil Rights Violations*

In Ground One of the Petition, McLaughlin alleges that he was denied adequate medical care during his confinement. In Ground Two, he alleges that prison officials have engaged in mail tampering. In Ground Three, he alleges libel by prison personnel and improper classification. Habeas relief, however, is not available for any of these claims.

"It is a well-settled general principle that a habeas petition is the appropriate means to challenge the 'actual fact or duration' of one's confinement, whereas a civil rights claim is the proper means to challenge the 'conditions' of one's confinement." Kamara v. Farquharson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998) (internal citations omitted); see also Munaf v. Geren, 553 U.S. 674, 693 (2008) (habeas is at its core a remedy for unlawful detention); Heck v. Humphrey, 512 U.S. 477, 487 (1994) (state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."). Accordingly, a claim of inadequate medical treatment while in legal custody is ordinarily brought as a civil rights suit for damages or injunctive relief under 42 U.S.C. § 1983. Id. Similarly, other complaints regarding the violation of a prisoner's civil rights

while in state custody are properly brought under Section 1983 and are not subject to habeas relief. Barnes v. Immigration and Naturalization Serv., No. Civ. 01-48-PC, 2001 WL 1006077, at *7 (D. Me. Aug. 30, 2001).

McLaughlin's challenges to the adequacy of his medical treatment do not concern the fact, duration or degree of his confinement, but rather the conditions of confinement. Similarly, his complaints regarding mail tampering, libel, and improper searches are complaints about violations of his civil rights while in state custody. Accordingly, McLaughlin's claims do not form the basis for a habeas corpus action[5] and the District Court should dismiss McLaughlin's claims in Grounds One, Two and Three, without prejudice to McLaughlin raising his non-habeas claims in a civil rights suit brought pursuant to 42 U.S.C. § 1983.[6]

   2.   *Parole Claims*

In Ground Three of the Petition, McLaughlin also appears to be challenging his denial of parole. Petition at 8. Such a claim is also not cognizable on federal habeas review.[7] Indeed, McLaughlin's first habeas petition challenged the denial of his parole by the parole board, which was dismissed by the District Court. McLaughlin, 2011 WL 2746459, at *2-3. Specifically, the District Court stated:

> To the extent [McLaughlin] claims that his federal constitutional right to

---

[5] Indeed, McLaughlin brought similar claims in his first petition for a writ of habeas corpus, which the District Court dismissed. McLaughlin, 2011 WL 2746459, at *2-3. The District Court then advised McLaughlin that he could bring a complaint pursuant to Section 1983 should he wish to pursue his claims. Id. at *3.

[6] The Court does not express any views regarding the merits of any such claims.

[7] Moreover, it would appear that any claims regarding denial of parole are now moot because McLaughlin was released on parole on October 4, 2011. See, e.g., Ortiz-Bonilla v. Melendez-Rivera, No. 08-1934, 2009 WL 2151299, at *3 (D.P.R. July 13, 2009).

-10-

> due process was violated by a decision of the Massachusetts Parole Board to deny him parole, such a claim is not cognizable on federal habeas review. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60, 109 S. Ct. 1904, 104 L.Ed.2d 506 (1989). The Supreme Court has definitively held that a convicted person has no constitutional right to be conditionally released, on parole or otherwise, before the expiration of a valid sentence. See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L.Ed.2d 668 (1979). A valid conviction, with all its procedural safeguards, extinguishes that liberty right. See id.; see also Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976).
>
> Although there is no federal constitutional right to parole, a convicted person may have a liberty interest created by state law. However, in Massachusetts, denial of parole does not deprive an individual of a liberty interest. See Lynch v. Hubbard, 47 F. Supp. 2d 125, 128 (D. Mass. 1999) (holding that "when the Massachusetts Parole Board decides not to grant a prisoner a parole permit, it does not deprive him of a liberty interest protected under the Fourteenth Amendment, and thus the Due Process Clause does not apply to the decision not to grant parole."). As Petitioner has no protected liberty interest in parole, his claim is not cognizable on federal habeas review. Habeas relief is therefore not warranted in this case.

McLaughlin, 2011 WL 2746459, at *2-3. Where McLaughlin has again brought claims against the Parole Board, those claims should be dismissed.

  D. <u>McLaughlin's Motions For Injunctive And Other Relief</u>

McLaughlin has filed numerous motions seeking injunctive relief. As the party moving for a preliminary injunction, McLaughlin has the burden to show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs the harm to the respondent if the preliminary injunction is granted; and (4) the preliminary injunction will promote the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001).

This Court has recommended that the District Court dismiss the Petition unless McLaughlin deletes all of his unexhausted claims. The Court has also recommended that the District Court dismiss Grounds One, Two and Three of the Petition because they are not cognizable on habeas review. Should the District Court adopt those recommendations, the only potential claim remaining for consideration of the merits is McLaughlin's claim concerning the admission of medical records. Therefore, the Court finds that McLaughlin has not shown a likelihood of success on the merits.

Moreover, the injunctions sought by McLaughlin are mandatory, as they require action on the part of the Respondent and others. In some cases, McLaughlin's request for injunctive relief is actually a request for the Court to issue a writ of habeas corpus. "[T]he purpose of a preliminary injunction is to preserve the status quo *before* the merits have been resolved . . ." Sanchez v. Esso Standard Oil Co., 572 F.3d 1, 19 (1st Cir. 2009) (emphasis in original). Granting McLaughlin's injunction here would alter, rather than preserve, the status quo and would effectively eliminate the Court's ability to render a judgment on the merits after a complete analysis.

Accordingly, this Court further recommends that the District Court deny the following motions:

1. Motion for Injunctive Relief (Docket No. 13): McLaughlin seeks "relief . . . from the sentence of Judge Barrett in Hingham District Court" and a court order to "remove parole, and probations, fees retroactive."

2. Motion for Habeas Corpus (Docket No. 16): McLaughlin seeks a writ of habeas corpus.

3. Motion for Injunctive Relief to Give Relief to Richard McLaughlin from the Boston Retirement Board (Docket No. 17): McLaughlin seeks reinstatement of full accidental disability retirement allowance.

4. Motion for Injunctive Relief (Docket No. 18): McLaughlin seeks relief from the sentence of Judge Barrett in Hingham District Court.

5. Motion for Injunctive Relief (Docket No. 19): McLaughlin seeks an order reinstating his driver's license.

6. Motion for Hearing (Docket No. 21): McLaughlin seeks a hearing date on his motions for injunctive relief.

III. RECOMMENDATION

For the foregoing reasons, I recommend that the Court ALLOW Respondent's Motion to Dismiss unless McLaughlin, within twenty (20) days, deletes all of the claims in the Petition except for the claim concerning the admission of medical records. If he deletes all of the claims in the Petition except for the claim regarding the admission of medical records, I recommend that the Court proceed to consider that claim on the merits.[8] If he does not delete all of the unexhausted and non-cognizable claims, I recommend that the District Judge enter a Final Judgment dismissing the petition without prejudice to McLaughlin bringing his non-habeas claims in a civil rights suit brought pursuant to 42 U.S.C. § 1983.

I further recommend that the District Judge deny McLaughlin's remaining motions. See

---

[8] Respondent noted in its motion to dismiss that it would not, in the interest of economy, address the merits of McLaughlin's petition given his failure to exhaust state court remedies. However, Respondent requested additional time to file a supplemental memorandum addressing the merits should it become necessary.

Docket Nos. 13, 16, 17-19, 21.

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge